# John Hamm, Appellee, v. City of Litchfield, Appellant.

APPEALS AND ERRORS—*when questions of law preserved for review.*
If a case is tried before the court without a jury no questions of law
are preserved where no point is raised upon the pleadings and no ex-
ceptions are preserved to the rulings upon evidence and no proposi-
tions of law submitted.

Appeal from the City Court of Litchfield; the Hon. PAUL McWILLIAMS,
Judge, presiding. Heard in this court at the May term, 1910. Affirmed.
Opinion filed October 14, 1911.

M. M. CREIGHTON and D. R. KINDER, for appellant.

T. A. GASAWAY, for appellee.

MR. PRESIDING JUSTICE PHILBRICK    delivered    the
opinion of the court.

This is an action brought by plaintiff against de-
fendant upon a declaration which consists only of the
common counts. The controversy grows out of the fol-
lowing facts: On April 1, 1907, plaintiff and defendant
entered into a written contract for the construction of
a certain sewer in the city of Litchfield. As a part
payment for the work to be done defendant was to pay
out of its general fund $4,300. The work was begun
upon the contract and after defendant had placed
about ninety-five feet of the sewer in the ground an
injunction was secured by a taxpayer of the city of
Litchfield restraining any further performance of the
contract on the ground that the contract was void for
the reason that the city of Litchfield was then indebted
to an amount in excess of five per cent of the valuation
of its taxable property, that the contract was pro-
hibited by the constitution of this state. No further
work was done and all proceedings thereunder were

abandoned. Some time after this injunction had been granted, the city of Litchfield passed a new ordinance, re-let the contract and the sewer was finally constructed.

Under the second ordinance it was provided that the point of beginning of the sewer should be ninety-five feet from the place of its commencement provided in the contract with appellee under the first ordinance, this being the point to which plaintiff herein performed his portion of the original contract. Plaintiff, acknowledging the illegality of the original contract, brings this action upon the theory that the work performed by him in the construction of the ninety-five feet of sewer under the void contract was his property and the city having utilized that property became liable to pay therefor, notwithstanding the original contract was void. Upon the trial in the circuit court, a jury was waived and the court found for the plaintiff, and rendered a judgment against defendant for $500. Defendant appeals and insists on a reversal of that judgment upon the ground that the original contract having been void and an injunction having been obtained restraining defendant from paying to plaintiff any money or from any further performance of the contract, that no liability could under any circumstances arise by which defendant could be compelled to pay for the work performed, although it did connect with and use the sewer so constructed by plaintiff.

The trial was had in the court below without a jury, there was no demurrer to the declaration, no question raised as to the sufficiency of the pleading, or exception presented to rulings of the court in the admission or rejection of the evidence, and neither plaintiff nor defendant submitted to that court any propositions of law; consequently only questions of fact are involved.

Under the holding in Mutual Protective League v. McKee, Admx., 223 Ill. 264, no question is presented

by this record for this court to determine and the judgment is affirmed.

*Affirmed.*